# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18-169 (ADM/BRT) |
| Plaintiff, | |
| v. | |
| Yu Zhang, | **ORDER** |
| Defendant. | |

Amber M. Brennan, Esq., Assistant United States Attorney, counsel for Plaintiff.

Keala C. Ede, Esq., Office of the Federal Defender, counsel for Defendant.

This action came on for hearing before the Court on September 4, 2018, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN, 55101. The parties have filed various pretrial motions. Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1.** **Government's Motion for Discovery.** The Government moves for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. Defendant does not oppose this motion. Therefore, the Government's Motion for Discovery **(Doc. No. 18)** is **GRANTED**.

**2.** **Defendant's Pretrial Motion for Disclosure of 404 Evidence.** Defendant moves for an order requiring the Government to immediately give notice of its intent to use "other crimes, wrongs, or acts" evidence, as that phrase is used in Federal Rule of

Evidence 404(b). The Government states that it is aware of its obligations under Rule 404(b) and intends to comply fully with those obligations. The Government objects to the request that the notice be given immediately. Instead, the Government proposes to make its notification fourteen calendar days before trial. The Government also requests that the order be narrowly drawn to make clear that Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990); *see also United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) ("[W]here the other crime is so 'inextricably intertwined' with the charged crime . . . Rule 404(b) is not implicated, . . ."). On that understanding, Defendant's Pretrial Motion for Disclosure of 404 Evidence **(Doc. No. 19)** is **GRANTED**. The Government's disclosures are required no later than fourteen days before trial.

3. **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves for an order compelling the disclosure of exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government responds that it is aware of its obligations under *Brady* and *Giglio* and will continue to comply with those obligations. Therefore, Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 20)** is **GRANTED**.

**4. Defendant's Motion for Discovery and Inspection.** Defendant moves for discovery and inspection of certain documents and information. The Government does not oppose disclosing evidence as provided by Rule 16(a)(1). The Government does object, however, to any discovery order that exceeds the requirements of Rule 16. The Government represents that it has already disclosed all evidence that falls within the parameters of Rule 16 and will continue to comply with that duty. On that understanding, Defendant's Motion for Discovery and Inspection **(Doc. No. 21)** is **GRANTED**.

**5. Defendant's Motion for Discovery of Expert under Rule 16(a)(1)(G).** Defendant moves for a written summary of the expert testimony the Government intends to use at trial. The Government does not oppose this motion and proposes that both parties be ordered to disclose expert materials as authorized by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure no later than fourteen days before trial. Defendant does not oppose this proposal as a general matter. However, at the hearing, Defendant requested, and the Government agreed, that any expert relating to computer or phone forensics be disclosed one month before trial, and that Defendant's expert in response would be disclosed two weeks before trial. On the basis of these understandings, Defendant's Motion for Discovery of Expert under Rule 16(a)(1)(G) **(Doc. No. 22)** is **GRANTED**.

**6. Defendant's Motion for Early Disclosure of Jencks Act Materials.** Defendant moves for early disclosure of Jencks Act materials. The Government objects to any court-ordered disclosure of witness statements prior to the witness's testimony. *See* 18 U.S.C. § 3500. Because the Jencks Act plainly provides that "no statement or

report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Materials **(Doc. No. 23)** is **DENIED**. However, the Government has agreed to disclose Jencks Act material fourteen days prior to trial, and nothing in this Order precludes the Government from making such disclosures.

7. **Defendant's Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes and evidence gathered in this case. The Government does object, however, to any future request that agent rough notes be disclosed without further proceedings. On that understanding, Defendant's Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 24)** is **GRANTED**.

8. **Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant moves to suppress evidence obtained from his person and the vehicle he was driving following his arrest on June 8, 2018, including an iPhone. The iPhone was searched on July 3, 2018, pursuant to a search warrant issued by the undersigned Magistrate Judge.[1] The parties requested post-hearing briefing on this

---

[1] Because the undersigned Magistrate Judge remains the assigned Magistrate Judge for this case, Defendant requests an independent "four corners" review of the search warrant by a different Magistrate Judge. This aspect of Defendant's motion will be addressed by Magistrate Judge Kate Menendez.

motion. The Defendant shall file his post-hearing brief on the issues raised in this motion no later than **October 2, 2018**, and the Government shall file its response by **October 16, 2018**. The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (**Doc. No. 25**) under advisement on **October 16, 2018**, and issue a **Report and Recommendation** to the District Court.

9. **Defendant's Motion to Suppress Statements, Admissions, and Answers; Defendant's Supplemental Motion to Suppress Statements, Admissions, and Answers.** Defendant moves to suppress statements made to law enforcement during an encounter on March 13, 2018, and also during his June 8 arrest. The parties requested post-hearing briefing on this motion. The Defendant shall file his post-hearing brief on the issues raised in this motion no later than **October 2, 2018**, and the Government shall file its response by **October 16, 2018**. The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (**Doc. Nos. 26, 33**) under advisement on **October 16, 2018**, and issue a **Report and Recommendation** to the District Court.

10. The trial of this matter before District Judge Ann D. Montgomery and other related dates will be determined following a ruling on Defendant's suppression motions.

Date: September 4, 2018.

    *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge